# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROLYN LEE HARRIS,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:20-1767 |
| v. | : | (JUDGE MANNION) |
| **DEPARTMENT OF PENNSYLVANIA UNEMPLOYMENT COMPENSATION,** | : : | |
| Respondent | : | |

## **MEMORANDUM**

Pending before the court is the report of United States Magistrate Judge Martin C. Carlson which recommends that the instant petition for writ of mandamus be dismissed. (Doc. 4). The petitioner has filed objections to the report. (Doc. 5). Upon review of the record, the petitioner's objections will be overruled and the report and recommendation will be adopted in its entirety.

By way of relevant background, the petitioner filed the instant action claiming that she applied for unemployment compensation benefits in May of 2020 due to a disability. She claims that she submitted all requested information and has consistently followed up on the status of her application, but has yet to receive a response to her application. The petitioner claims

that the state is denying her due process rights by failing to act upon her application and asks this court to issue a writ of mandamus upon the respondent directing that she be given her due process rights and have her application considered.

In considering the instant petition, Judge Carlson outlined the requirements for and limitations upon issuing a petition for writ of mandamus. Of most importance here is the fact that, by statute, "[t]he district courts shall have original jurisdiction of any action in the nature of a mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. §1361 (emphasis added). Thus, federal courts may only issue writs of mandamus against federal agencies and employees, and lack jurisdiction to do so with respect to state agencies or officials. In light of the fact that the petitioner is seeking mandamus relief against a state agency, Judge Carlson determined that we lack the authority to grant the relief the petitioner requests. As such, he recommends dismissal of the instant petition. The petitioner objects to this recommendation.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); <u>Brown v. Astrue</u>, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*,

the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Here, petitioner objects to Judge Carlson's report arguing that she does not seek from this court a determination as to her eligibility for unemployment benefits, but seeks an order from this court directing the respondent to afford her due process rights. However, while the court sympathizes with the plaintiff's predicament, as determined by Judge

Carlson, this is exactly what this court is prohibited from doing by way of a petition for writ of mandamus, as this court lacks authority to issue a petition for writ of mandamus compelling action by a state agency or officials. See In re Wolenski, 324 F.2d 309 (3d Cir. 1963); In re Martinez, 778 Fed. Appx. 198, 199 (3d Cir. 2019). As such, the petitioner's objections will be overruled and the report and recommendation will be adopted in its entirety as the opinion of the court. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 29, 2021**
20-1767-01